UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **JUAN ESTEBAN ROSAS JIMENEZ** | **CASE NO. 1:26-CV-00195 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **KRISTI NOEM ET AL** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM ORDER

Before the court is a Motion for Release Pending Adjudication [doc. 10] filed by petitioner Juan Esteban Rosas Jimenez, relating to his petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Respondents oppose the motion. Doc. 20.

### I.
### INTRODUCTION

Petitioner, a native of Peru, was born in 2003. Doc. 1, ¶ 18. He entered the United States in 2022, at the age of 19, after alleged abandonment and neglect from his father. *Id.* On January 1, 2023, he was granted parole into the United States and settled in Port Chester, New York, with his mother. *Id.* Based on a finding of parental abandonment by the New York State Family Court, petitioner applied for Special Immigrant Juvenile Status ("SIJS")[1] with USCIS. *Id.* His SIJS petition was approved and he was granted deferred action, valid for four years, on April 11, 2024. *Id.*

---

[1] SIJS is a form of humanitarian relief for noncitizen children who have been subject to state juvenile court proceedings related to parental abuse, neglect, abandonment, or similar maltreatment.

Petitioner was arrested in New York on November 30, 2025. *Id.* at ¶ 23. An agent who questioned him informed him that his SIJS amounted to "nothing" and that it was "over." *Id.* at ¶ 24. Petitioner is now in ICE custody at the Central Louisiana ICE Processing Center in Jena, Louisiana. *Id.* at ¶ 26. He alleges that he has suffered harsh conditions and numerous illnesses there, which have gone untreated. *Id.* at ¶¶ 27–28. He also alleges that his access to counsel has been severely restricted at the facility. *Id.* at ¶ 29.

Petitioner filed a petition for writ of habeas corpus in this court pursuant to 28 U.S.C. § 2241. Doc. 1. He has also filed a Motion for Release Pending Adjudication [doc. 10], citing the court's inherent authority to release habeas petitioners on bail. The United States opposes the motion, noting *inter alia* that petitioner's deferred action has been terminated and arguing that the court should not extend its limited authority to grant bail to habeas petitioners. Doc. 20.

## II.
## LAW & APPLICATION

Petitioner relies on *Calley v. Callaway*, 496 F.2d 701 (5th Cir. 1974) for the court's inherent authority to release a petitioner on bail pending habeas review. As the government points out, the Fifth Circuit has not specifically applied this case to habeas proceedings by immigration detainees. But under *Calley*, the court may exercise such authority only if (1) the petitioner raises a substantial constitutional claim with a high probability of success, **and** (2) "extraordinary or exceptional circumstances" exist that require the petitioner's release from prison "to make the habeas remedy effective." *United States v. Hill*, 2025 WL 1863182, at *2 (5th Cir. July 7, 2025) (quoting *Calley*, 496 F.2d at 702).

On the first criterion, respondents show that petitioner's deferred action was terminated by USCIS on January 29, 2026. Doc. 20, att. 2. He has an individual hearing calendared for March 3, 2026. *See* acis.eoir.justice.gov (case information accessible by A-Number, located on respondents' exhibits). As another court recently noted, petitioner's SIJS, standing alone, did not make him unremovable. *Rivera Hernandez v. Noem*, 2025 WL 3754434, at *3 (E.D. Tex. Dec. 19, 2025) (citing *Budhathoki v. Nielsen*, 898 F.3d 504, 508 (5th Cir. 2018)). And deferred action, which can be revoked "at any time," does not give a non-citizen an enforceable right to remain in the United States. *Id.* (quoting *Texas v. United States*, 809 F.3d 134, 165–66 (5th Cir. 2015)); *accord* 8 C.F.R. § 236.21(c)(1). Other courts have found petitioners likely to succeed in their challenges to termination of SIJS-based deferred action under the APA. *E.g.*, *Sarmiento v. Perry*, 2026 WL 131917, at *7–*8 (E.D. Va. Jan. 19, 2026); *A.C.R. v. Noem*, __ F.Supp.3d __, 2025 WL 3228840 (E.D.N.Y. Nov. 19, 2025). But these interlocutory district court decisions are insufficient to show a "substantial constitutional claim" with a "high probability of success," as required to meet *Calley*'s first criterion. Accordingly, the court declines to pre-try the potential success of petitioner's related claim that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

On the second *Calley* criterion, "serious deterioration of the petitioner's health while incarcerated" may qualify as an extraordinary circumstance.[2] *Calley*, 496 F.2d at 702 n. 1.

---

[2] While the court takes seriously any contention that petitioner's access to counsel has been denied, the issue can be addressed through a temporary restraining order if it persists. *See, e.g.*, *Ortiz Sintuj v. Stamper*, 2026 WL 323698, at *1 (D. Me. Feb. 6, 2026) (reflecting parties' agreement to amend TRO to ensure petitioner's reasonable access to counsel).

Petitioner has not provided any medical records to substantiate his allegations. But his complaints of (1) an untreated cold and fever and (2) ongoing headaches after being placed in a recently painted room do not rise to the level of a "serious deterioration" in his health. Petitioner therefore does not meet either of the prerequisites for obtaining bail during his habeas proceedings.

### III.
#### CONCLUSION

For the reasons stated above, the court hereby **ORDERS** that the Motion for Release Pending Adjudication [doc. 10] be **DENIED**. The petition [doc. 1] is referred to the magistrate judge for adjudication through an expedited briefing schedule, to be determined at the magistrate judge's discretion.

**THUS DONE AND SIGNED** in Chambers on the 13th day of February, 2026.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**